[Civ. No. Ext. 211.  Second Dist., Div. One.· June 1, 1950.]

JEANETTE GLOGAU, Respondent, v. J. A. HAGAN et al.,
Appellants.

Jesse A. Hamilton for Appellants.

Abraham Gottfried and Norman Newmark for Respondent.

DRAPEAU, J.—Appellants present to this court a motion to delete and add to the clerk's transcript on appeal, with respect to a number of items.  Ninety-one items are requested deleted, and three items added.  The items requested deleted appear in respondent's designation of additional documents to be included in the clerk's transcript.  (Rules on Appeal, rule 5(b).)

In support of the motion appellants' counsel has filed an affidavit, deposing, in part, as follows:

"This affiant states that there are contained in the requests on behalf of the appellant for the preparation of the record and in the requests on behalf of the respondent many duplications of items; that there are many items asked for which can be transmitted in the original form without copying and should be transmitted; that there are many items in the respondent's request pertaining to matters which cannot and will not be raised by the appellants upon their appeal, and that their inclusion in the request is redundant and serves only to make the record, when completed, so bulky and voluminous as to be unintelligible and to cause to the appellants the payment of excessive costs of paying for and preparing the record on appeal.

"This affiant states that the designations as they now stand consist of approximately 150 separate and different items, and

that many of the same contain entries duplicating each other; that discussions have been carried on for the past month between attorneys for appellant and respondent, in an endeavor to stipulate on a simplified Clerk's transcript, that such attempted negotiations terminated on April 21, 1950, when Abraham Gottfried informed affiant that he did not believe such a stipulation could be reached.''

The Rules on Appeal present an orderly and scientific method of preparing the clerk's transcript.

Within 10 days after filing notice of appeal, the appellant shall serve on the respondent and file with the clerk a notice designating what appellant requires included in the transcript. (Rule 5(a).)

Within 10 days after service of appellant's notice, the respondent may serve and file a notice designating additional papers or records. And respondent shall pay the clerk the cost thereof. (Rule 5(b).)

The record on appeal in this case is at this point. Neither clerk's nor reporter's transcript has been prepared.

Rule 5(d) requires the clerk to prepare the transcript, when the cost thereof has been arranged for.

Rule 8 requires the clerk to mail notice of the completion of the transcripts. Within 10 days thereafter either party may file request for correction of such transcripts.

If no such request is filed, it will be presumed that the trial court used the entire record shown in the clerk's transcript at the time of its decision. (*Redsted* v. *Weiss,* 71 Cal. App.2d 660 [163 P.2d 105].)

If request for correction is made, the matter is set for hearing and determination by the judge who tried the case. (Rule 8(b).)

Therefore, in this case, the forum of petitioner is the superior court, upon a proper request for the correction of the clerk's transcript when it is made. If unnecessary, redundant, or improper matter is included in the clerk's transcript, the superior court has the power to delete it. (*Redsted* v. *Weiss, supra.*)

And the trial court shall determine what papers were "used" upon the hearing. (*Thomas* v. *Thomas,* 66 Cal.App. 2d 818 [153 P.2d 389].)

The motion is denied.

White, P. J., concurred.

Doran, J., concurred in the judgment.