[Civ. No. 19855. First Dist., Div. Three. Mar. 23, 1962.]

CHARLES W. BEELER, Plaintiff and Appellant, v. WEST AMERICAN FINANCE COMPANY et al., Defendants and Respondents.*

*On appeal as Charles W. Beeler, Plaintiff and Appellant, v. City Title Insurance Company et al., Defendants and Respondents.

Hildebrand, Bills & McLeod, Sea & Hanna and Donald M. Sea for Plaintiff and Appellant.

Kelso, Schnacke, Cotton & Holmes, Angell, Adams, Gochnauer, Elder & Holmes, Samuel L. Holmes, Aaron N. Cohen, Julien R. Bauer and Richard N. Rapoport for Defendants and Respondents.

SALSMAN, J.—The plaintiff sued to recover damages, alleging fraud and conspiracy on the part of the defendants City Title Insurance Company, a corporation, West American Finance Company, a corporation, Fred A. Watkins, Joseph A. Mancini, Bruce Werlhof and Louie Samuels. The defendants City Title Insurance Company, a corporation, (hereinafter referred to as City Title) and Watkins and Mancini answered. The defendants Samuels and West American Finance Company, a corporation, (hereinafter referred to as West American) demurred; their demurrers were sustained, and judg-

ment entered in favor of Samuels and West American when the plaintiff declined to amend his complaint. Plaintiff appeals from the judgments.

The complaint is in two counts. The second cause of action is the only one directed towards the defendants Samuels and West American, but it will be helpful to an understanding of the controversy if some reference is made to the complaint as a whole.

In the first cause of action plaintiff alleged that he executed a note for $200,000 secured by a deed of trust on certain real property. City Title was trustee under the deed of trust. The note and deed of trust were assigned to West American. In December 1958 West American recorded a notice of default, and in February 1959 assigned the note and deed of trust to defendants Watkins and Mancini. In November 1959 City Title, as trustee, gave notice of sale, and in December 1959 sold plaintiff's property at a trustee's sale for $50,000. The defendants Watkins and Mancini were the purchasers. Plaintiff alleged that at the time of the trustee's sale the true and reasonable value of plaintiff's interest in said real property was the sum of $650,000. In paragraph XV of the first cause of action plaintiff alleged that the trustee's sale was conducted in an arbitrary, fraudulent and unreasonable manner and that the defendant City Title, as trustee, fraudulently and in conspiracy with defendants Watkins and Mancini, and for the purpose of choking off all other bids, announced that immediate cash payment of the full amount of any bid would be required; that at least one bidder asked time to go to a bank to obtain cash, and this was refused by City Title. Plaintiff further alleged that because of the unfair and arbitrary manner in which the sale was conducted, his property was sold for a grossly inadequate price, to his damage in the sum of $600,000.

In plaintiff's second cause of action, with which we are principally concerned, he alleged that in 1958 (before any notice of default had been recorded by West American) the defendant Samuels, a licensed real estate broker, asked to represent plaintiff in the sale of plaintiff's property; that plaintiff agreed and orally authorized Samuels to sell the property; that plaintiff gave Samuels certain confidential information concerning the property and in particular imparted to Samuels the fact that the note held by West American (the same note referred to in the first cause of action) could be substantially discounted in the event of a sale. Plain-

tiff further alleged that after obtaining such confidential information Samuels conspired with Watkins and Mancini to cheat and defraud the plaintiff by using such confidential information to purchase the note and deed of trust from West American for Watkins and Mancini, followed by the trustee's sale conducted in the manner referred to in the first cause of action. In paragraph V of the second cause of action it is alleged that Watkins and Mancini ''by misrepresentation, fraud, deceit and the violation of a confidential relationship on the part of defendant Louie Samuels with plaintiff, did by surreptitious and underhanded means, in collaboration and in conspiracy with defendants West American Finance Company and Louie Samuels, obtain an interest in said real property adverse to that of plaintiff.''

We have concluded that the second cause of action alleged in the complaint states a valid cause of action against the defendant Samuels but states no cause of action against the defendant West American. We will first discuss the demurrers of Samuels. In considering each of the demurrers we are guided by the settled rule that the pleading must be liberally construed (Code Civ. Proc., § 452; *Bank of America* v. *Vannini,* 140 Cal.App.2d 120 [295 P.2d 102]), and that all facts well pleaded are assumed to be true (*Abroms* v. *New York Life Ins. Co.,* 53 Cal.App.2d 764 [128 P.2d 391]; *Jensen* v. *City of Modesto,* 89 Cal.App.2d 835 [202 P.2d 332]).

Although there was no written contract between plaintiff and the defendant Samuels, the oral agreement whereby Samuels was authorized to act as plaintiff's agent and to find a buyer for plaintiff's property, and under which Samuels received confidential information respecting the property is sufficient to create a fiduciary relationship between the parties. (*Anderson* v. *Thacher,* 76 Cal.App.2d 50 [172 P.2d 533].) As plaintiff's agent, Samuels was duty-bound to give the plaintiff his undivided allegiance and to exercise towards the plaintiff the utmost good faith and loyalty. (*Walter H. Leimert Co.* v. *Woodson,* 125 Cal.App.2d 186 [270 P.2d 95].) Samuels became plaintiff's agent before West American recorded its notice of default and he learned that the note held by West American could be substantially discounted to plaintiff's advantage. It is alleged that he used this information for the advantage of Watkins and Mancini and to the disadvantage and damage of the plaintiff, his principal. We think the pleading adequately notified the defendant Samuels of the charges made against

him and that his general demurrer should have been over-ruled.

We find no substantial merit in Samuels' special demurrer. The special demurrer is taken on the ground of uncertainty. It is Samuels' claim that he cannot ascertain from the complaint what is meant by the language: ". . . plaintiff imparted to said defendant Louie Samuels confidential information in regard to the financial status of the loans secured by the said first and second deeds of trust thereon, the income from said property . . ."; how the information given by plaintiff to the defendant Samuels was used to purchase the second deed of trust for defendants Watkins and Mancini; how the defendant Samuels violated any confidential relationship; how or in what manner plaintiff has been damaged, or how any loss has been suffered by plaintiff other than by his own acts; how Watkins and Mancini practiced any fraud or deceit; what were the surreptitious and underhanded means referred to in the complaint, and what is meant by the words appearing in paragraph VI "aided and abetted by defendant City Title Insurance Company. . . ." ▇ As will be seen from an examination of the special demurrer some of the matters upon which Samuels claims to be in doubt are presumptively within his own knowledge, and as to these matters his demurrer for uncertainty does not lie. (*Foster* v. *Masters Pontiac Co.*, 158 Cal.App.2d 481-489 [322 P.2d 592]; *Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 298 [295 P.2d 113]; *Fanucchi* v. *Coberly-West Co.*, 151 Cal.App. 2d 72, 82 [311 P.2d 33].) ▇ As to the other grounds of uncertainty we think the complaint is sufficiently clear so as to notify the defendant Samuels of the issues he must meet. The pleading charges him with a breach of a fiduciary duty and alleges that instead of attempting to sell plaintiff's property in plaintiff's interest, he revealed confidential information to Watkins and Mancini, and that this facilitated the purchase by them of plaintiff's note and deed of trust, followed by a foreclosure sale alleged to have been conducted unfairly to plaintiff's damage. ▇ Where the allegations of the complaint are sufficiently clear so as to apprise a defendant of the issues he must meet, a special demurrer should not be sustained, even though the allegations of the complaint may not be as clear or as detailed as might be desired. (*Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599 [218 P.2d 144].)

▇ We next consider the question as phrased in plain-

tiff's opening brief: "Does the second count of plaintiff's complaint state facts sufficient to constitute a cause of action against the defendant West American Finance Company?"

The allegation which plaintiff claims "ties in" West American as a participant in the alleged fraud is that portion of paragraph V of the complaint charging that "Fred A. Watkins and Joseph A. Mancini . . . by misrepresentation, fraud, deceit and the violation of a confidential relationship on the part of the defendant Louie Samuels with plaintiff, did by surreptitious and underhanded means, *in collaboration and in conspiracy with defendants West American Finance Company and Louie Samuels,* obtain an interest in said real property adverse to that of plaintiff." (Emphasis ours.)

It will be observed that no facts are alleged in the quoted language from paragraph V of plaintiff's second cause of action which in any way "tie in" West American as a conspirator. The allegations quoted above are merely generalities and conclusions insofar as West American is concerned, and as such are insufficient as a statement of a cause of action against this defendant. (*Rapaport* v. *Forer,* 20 Cal.App.2d 271-278 [66 P.2d 1242].) ▋ To assert a valid cause of action a complaint based on an alleged conspiracy must show (1) a concert of action between the defendants to accomplish the purpose of the conspiracy, (2) that their actions were illegal and in furtherance of a common scheme or design to achieve the unlawful purpose of the conspiracy, and (3) knowledge of the conspiracy and its unlawful purpose. (*Neblett* v. *Elliott,* 46 Cal.App.2d 294 [115 P.2d 872]; *Clark* v. *Lesher,* 106 Cal.App.2d 403 [235 P.2d 71]; 11 Cal.Jur.2d, Conspiracy, p. 277.) ▋ The plaintiff does not allege that West American had any knowledge of the alleged violation of fiduciary duty on the part of Samuels, or of the alleged conspiracy between Samuels, Watkins and Mancini, and without an allegation of some fact to show West American's affirmative and knowing participation in the alleged fraud, the complaint is vulnerable to West American's general demurrer. From the record before us it would appear that West American, as the owner and holder of plaintiff's defaulted note and deed of trust, has assigned these instruments to the other defendants, an act which it had a perfect legal right to do. We conclude, therefore, that the trial court was correct in sustaining West American's general demurrer to the plaintiff's complaint. Since leave to amend was granted, and plaintiff has declined to amend his complaint, we must

presume that he has stated his cause as strongly as can be done in his favor. (*Agnew* v. *Parks,* 172 Cal.App.2d 756, 762 [343 P.2d 118] ; *Lavine* v. *Jessup,* 161 Cal.App.2d 59 [326 P.2d 238].) The judgment of dismissal as to the defendant Samuels is reversed ; the judgment in favor of West American Finance Company is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied April 13, 1962, and the petition of respondent Samuels for a hearing by the Supreme Court was denied May 16, 1962.