[Civ. No. 67929. Second Dist., Div. Three. Jan. 27, 1984.]

JOHN W. McINTOSH, Plaintiff and Respondent, v.
ROBERT FRANCIS BOWMAN, Defendant and Appellant.

COUNSEL

Jonathan B. Cole for Defendant and Appellant.

Robert M. Snader for Plaintiff and Respondent.

OPINION

**KLEIN, P. J.**—Defendant and appellant Robert Bowman (Bowman) appeals a judgment in favor of plaintiff and respondent John McIntosh (McIntosh), on the ground that he was improperly denied his right to a jury trial.

We affirm the judgment.

### FACTS

McIntosh, a fireman contemplating retirement after 18 years service, wanted to augment his prospective pension by a secure investment. He was advised by Bowman, his former commanding officer, to withdraw his savings, liquidate his securities, and borrow additional money from the Fireman's Credit Union to enter into a limited partnership, which was to purchase a purportedly established peach orchard. However, at the time Bowman advised McIntosh to invest in the orchard, the limited partnership had been formed, had already taken title to the orchard and was in financial distress and the orchard was in foreclosure.

As a prior investor in the orchard, Bowman was aware of the true situation. Shortly after obtaining funds from McIntosh, the partnership became defunct. McIntosh's entire investment was lost.

PROCEDURAL BACKGROUND

In May 1977, McIntosh filed a complaint alleging fraud against Bowman and others.

In an October 14, 1977, at-issue memorandum, McIntosh requested a jury trial. Trial was set for May 27, 1981.

On May 27, in the master calendar department of the Los Angeles Superior Court, McIntosh's counsel announced that McIntosh waived jury. The court clerk did not send written notice of McIntosh's waiver to Bowman. The matter was continued to July 14, 1981.

On July 14, 1981, the parties again appeared in the master calendar department. McIntosh's counsel again announced jury waiver. Bowman's counsel said he wanted a jury. The trial was put over until January 5, 1982, and on January 5, was continued to March 1, 1982.

On March 1, in the master calendar department, McIntosh's counsel announced the trial was a four-day nonjury, and the case was assigned out for trial as nonjury to department 35.

In department 35, McIntosh's counsel reiterated the jury waiver. Bowman's counsel claimed he knew of no such waiver and that he had anticipated a jury trial. The trial court observed that Bowman had not put up jury fees. The trial court heard argument, and denied Bowman's motion for a jury trial, concluding that Bowman had waived jury under several subdivisions of Code of Civil Procedure section 631,[1] specifically citing his failure to deposit jury fees timely.

The case was tried without a jury and McIntosh obtained a judgment against Bowman. Bowman's motion for a new trial was denied and this appeal followed.

DISCUSSION

1. *Civil jury not absolute.*

Bowman contends he was denied his right to a jury trial when the trial court improperly found he had waived that right by failure to deposit jury fees timely. He relies heavily on the fact that he never received from the court clerk the 10-day written notice of jury waiver by McIntosh.

---

[1]All subsequent references to the Code of Civil Procedure will be by section number only.

■ The California Constitution, article I, section 16, secures the right to a jury, but in a civil case, the right may be waived in a number of ways under section 631. (*March* v. *Pettis* (1977) 66 Cal.App.3d 473, 476-477 [136 Cal.Rptr. 3].)

Section 631 states in pertinent part: "Trial by jury may be waived . . . in any of the following ways: [¶] . . . . [¶] 4. . . . in any superior court action if a jury is demanded by either party in the memorandum to set cause for trial and such party thereafter by announcement or by operation of law waives a trial by jury, then in said event any and all adverse party or parties shall be given 10 days' written notice by the clerk of the court of such waiver, whereupon, notwithstanding any rule of the court to the contrary, such adverse party or parties shall have not exceeding five days immediately following the receipt of such notice of such waiver, within which to file and serve a demand for a trial by jury and deposit advance jury fees for the first day's trial whenever such deposit is required by rule of court, . . ., or if for any cause said notice is not given, the trial of said action shall be continued by the court for a sufficient length of time to enable the giving of such notice by the clerk of the court to such adverse party. [¶] . . . . [¶] 5. By failing to deposit with the clerk, or judge, a sum equal to the amount of one day's jury fees payable under the law, 14 days prior to the date set for trial."

### 2. *Waiver occurred pursuant to Section 631, subdivision 8.*

■ Section 631, subdivision 8 states in pertinent part: "*When the party who has demanded trial by jury* [McIntosh] either *waives such trial upon* or after the *assignment for trial to a specific department* of the court, . . ., or fails to deposit the fees as provided in subdivision 6 or 7; by the other party [Bowman] either *failing promptly to demand trial by jury before the judge in whose department such waiver, . . ., was made* [Judge in Master Calendar Department], or by his failing promptly to deposit the fees provided in subdivision 6 or 7." (Italics added.)

On March 1, 1982, in the master calendar department, Bowman waived jury trial by his failure to demand jury after McIntosh's clear announcement that the case was a four-day *nonjury* trial. In fact, when the case was assigned out to department 35, Bowman's counsel conceded that he had failed to timely demand a jury and that his conduct was "negligent" in that regard.

In department 35, Bowman requested a jury trial, and in response to the trial court's inquiry as to why such demand had not been made earlier that morning in the master calendar department, Bowman's counsel offered as an excuse his need to confer with Bowman. He represented that after con-

ferring with Bowman, the determination was made to seek a jury trial. Bowman's counsel also argued to the trial court that he had *anticipated a jury trial.* This argument was somewhat incredulous in view of the fact that McIntosh *repeatedly* waived jury by announcement on May 27, 1981, July 14, 1981, and again on March 1, 1982, in open court in the presence of Bowman's counsel.

3. *Bowman's reliance on written notice misplaced.*

The court clerk failed to send out the 10-day written notice following McIntosh's announcement of jury waiver on May 27 pursuant to section 631, subdivision 4. However, the waiver provisions of section 631 are in the disjunctive, and under the facts herein, subdivision 8 comes into play and controls.

When the parties were before the judge in the master calendar department on March 1, 1982, and McIntosh again waived jury by indicating the case was to be tried as a nonjury matter, subdivision 8 required Bowman "promptly to demand trial by jury" before that very judge. This Bowman did not do. He waited until the parties were sent out to a nonjury trial department and then offer a lame excuse as to why Bowman's jury trial rights had not been perfected.

Bowman had actual notice of McIntosh's waiver back on May 27, 1981, and again on July 14, 1981, some nine months before the March 1, 1982, trial date. On May 29, 1981, following McIntosh's May 27 announcement of waiver, Bowman's counsel wrote to Bowman informing him that since McIntosh had waived jury, it was up to Bowman to decide whether he wanted a jury trial.

In view of Bowman's actual notice and the applicability of subdivision 8, the lack of written notice was an irrelevancy.

Further, Bowman has made no suggestion of any prejudice occurring in his trial, as is his burden at this point. (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 653 [141 Cal.Rptr. 604].)

This case turns on whether the trial court committed an abuse of discretion in denying Bowman's belated request for a jury trial. It is not to be resolved by this court's acquiescing to Bowman's tardy attempt to invoke form over substance before this tribunal.

4. *No abuse of discretion in denial of relief from waiver.*

Since Bowman never admitted to a waiver of jury trial, he did not request relief therefrom in the trial court. On appeal he contends that the trial court should have granted his request for a jury at the time of trial.

■ However, once there has been a waiver by a party at the time the case is actually scheduled for trial, it cannot be withdrawn except at the discretion of the trial court, and a trial court ruling will not be reversed in absence of an abuse of discretion. "As with all actions by a trial court within the exercise of its discretion, as long as there exists 'a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, . . .'" (*Gonzales* v. *Nork* (1978) 20 Cal.3d 500, 507 [143 Cal.Rptr. 240, 573 P.2d 458].)

In exercising discretion, a trial court may consider delay in rescheduling the trial for jury, lack of funds, timeliness of the request and prejudice to all the litigants. (*March* v. *Pettis, supra,* 66 Cal.App.3d at p. 480.)

■ Here, such factors were considered by the trial court. If Bowman's request for a jury had been granted, yet another continuance would have resulted, entailing more costs and inconvenience of witnesses. Two witnesses for McIntosh appeared for trial on May 27, 1981, and witnesses had to be called off several times.

McIntosh could ill afford any further delay financially as the subject matter of the trial involved the alleged swindle by Bowman of McIntosh's life savings. Also, McIntosh would suffer substantial prejudice because of the running of the five-year period to bring a case to trial.

Here, the trial court did not act arbitrarily; rather, it proceeded reasonably in making its decision. (*Gonzalez* v. *Nork, supra,* 20 Cal.3d at p. 511.)

■ Finally, in regards to prejudice there is a seldom articulated reason for allowing the determination of the trial court to stand. "'Defendants cannot play "Heads I win, Tails you lose" with the trial court.' Reversal of the trial court's refusal to allow a jury trial *after* a trial to the court would require reversal of the judgment and a new trial. It is then reasonable to require a showing of *actual prejudice* on the record to overcome the presumption that a fair trial was had and prejudice will not be presumed from the fact that trial was to the court or to a jury." (*Byram* v. *Superior Court, supra,* 74 Cal.App.3d at p. 653, italics added.) Prejudice by a nonjury trial cannot be presumed; on the contrary, it is presumed that the party had the benefit of a fair and impartial trial as contemplated by the Constitution. (*Glogau* v. *Hagan* (1951) 107 Cal.App.2d 313, 318-319 [218 P.2d 794].)

Just as criminal defendants often play the game known as "'waive the lawyer,'" civil litigants sometimes joust by "'waiving the jury.'" (*Heim* v. *Houston* (1976) 60 Cal.App.3d 770, 772 [131 Cal.Rptr. 755].) This practice is so prevalent it has been coined as the game of "'Heads I win, Tails

you lose.' " (*Tyler* v. *Norton* (1973) 34 Cal.App.3d 717, 722 [110 Cal.Rptr. 307].)[2]

### 5. *Remedy of writ not utilized.*

■ At the time the case was actually scheduled for trial in department 35, a writ of mandate was the proper remedy to secure a jury trial where it was allegedly being improperly withheld by a trial court. (*Byram* v. *Superior Court, supra,* 74 Cal.App.3d at p. 654.)

Here it appears Bowman may have been playing the game. Although Bowman's request for a jury trial was denied, he did not file a petition for writ of mandate. Instead he let the case go to trial as nonjury and appealed on the jury waiver issue.

### DISPOSITION

The judgment is affirmed.

Lui, J., and Arabian, J., concurred.

---

[2]The trial court made the observation that "I think the defendant was playing games all along with this idea of a jury trial. He knew the plaintiff didn't want a jury; he knew it for a year in advance . . .," at the close of the parties' argument on the issue and prior to its ruling to deny Bowman's belated motions.