[No. B006866. Second Dist., Div. Four. Mar. 18, 1985.]

OWEN BOAL, Plaintiff and Appellant, v.
PRICE WATERHOUSE & CO., Defendant and Respondent.

**COUNSEL**

O'Flaherty, Abrahams & Carl and Peter Abrahams for Plaintiff and Appellant.

Munger, Tolles & Rickershauser, Ronald L. Olson, Cary B. Lerman and Nancy Y. Bekavac for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a judgment adverse to him in an action to recover alleged retirement benefits. We reverse.

Plaintiff had been a long term employee and, from July 1, 1957, until his resignation on June 30, 1969, a partner in defendant firm. At that date he was 53 years of age. The formal retirement plan of defendant provided retirement benefits for partners who had been in that status for 15 years and had attained the age of 60. The plan also provided that the firm's executive committee could approve benefits at an earlier time. Plaintiff's contention in this lawsuit was that the firm had, in fact, an established custom of approving earlier retirements with retirement rights to be effective on the retiring partner reaching the age of 60. The trial court found that there was no such custom and that, even if there were, plaintiff had not relied on it when he took early retirement.

I

Plaintiff here contends that he was improperly denied a jury trial. We agree and reverse the judgment on that ground.

Early in the pretrial stages plaintiff had properly given notice that he desired a trial by jury. However, when a second trial settlement conference was necessitated by a continuance sought by defendant, an attorney in the office of plaintiff's counsel, new to the case, was assigned to attend that conference. Through his ignorance of prior events, that new attorney mistakenly marked a form showing jury waiver. Counsel for defendant noticed that entry but did not call to the attention of the new attorney that a jury had theretofore always been demanded. When the attorneys actually assigned to that case discovered the error they promptly moved to be relieved of that waiver. The motion was denied.[1]

■ (1) Plaintiff contends that defendant is estopped from objecting to reinstating the jury demand because its attorney at the conference, knowing of the prior series of demands for a jury trial, and seeing the new attorney make the waiver entry, was under a duty to call the change to the attention of the new attorney.

We know of no enforceable duty to act courteously and call the attention of opposing counsel to an obvious tactical error benefiting the case of the silent attorney. That contention we must reject.

■ (2) However, it is well settled that, in light of the public policy favoring trial by jury, a motion to be relieved of a jury waiver should be granted unless, and except, where granting such a motion would work serious hardship to the objecting party. Here defense counsel urged on the trial court, and urges here, that such prejudice would occur. We reject that argument.

The alleged prejudice here relied on is (a) that defendant would then be required to draft jury instructions to be filed at the opening of trial. That new trial date was to be a month later. We cannot believe that, in a case already subjected to discovery proceedings and other long delays in preparation, no one in the large firm representing defendant could have prepared appropriate instructions in much less than a month; and (b) the second prejudice urged was that an important witness for the defense was an elderly retired partner living in Connecticut, in poor health, and unable to travel. The remarkable argument here made to us is that, in a nonjury trial, defendant would feel safe to rely on a deposition, but that in a jury trial live testimony would be required. Nothing is said to indicate that the same problem had not been present when a jury demand was still effective, or that defendant's tactical dilemma had worsened during the short time the mistaken waiver was in force.

---

[1]The motion was filed in the master calendar department some 33 days prior to the trial date, and was denied in that department 18 days before trial commenced. The motion was not renewed in the trial court of Judge Kolts, who proceeded to hear the case as a nonjury matter.

In short, the claim of prejudice borders on being frivolous and cannot support the denial of the motion. Since improper denial of jury trial is per se prejudicial, the judgment must be, .and is, reversed.

## II

As required by section 43 of the Code of Civil Procedure, we discuss one other matter that may arise on a retrial.

█ Prior to trial, plaintiff served on a Los Angeles partner in defendant firm a subpoena duces tecum calling for the production of all records pertaining to the retirement of 13 specified former partners. At the commencement of trial, defendant moved to quash that subpoena; the motion was granted. That order was in error.

In support of the order quashing the subpoena, defendant makes four contentions, none of which have merit.

(1) It is contended that the issuance of a subpoena duces tecum on the eve of trial, violates California Rules of Court, rule 222, which is alleged to require subpoenaing such documents during pretrial discovery. The contention is without merit. Former rule 222 prohibited "discovery" within 30 days of trial; it did not prohibit subpoenaing documents earlier discovered. Here, as the record shows, plaintiff needed no "discovery." He sought to have, for introduction in evidence, documents the existence of which, and the general nature of which, he already knew. That subpoena did not involve "discovery," which plaintiff had already made, but merely the availability of evidence he already knew existed.

(2) Secondly, it is contended that the documents, if produced, would not be relevant to plaintiff's case. The affidavit for the subpoena set forth facts showing relevancy under plaintiff's theory of his case. The issue of relevancy was for the trial court, *at trial,* with the documents before it and with other evidence bearing on relevancy. That issue, on this record, was not material to the obedience to the subpoena. (*People* v. *Rizer* (1956) 47 Cal.2d 566 at p. 587 [305 P.2d 1].)

█ (3) Defendant contends that the subpoena was never properly served, since the "custodian of records" for defendant national corporation is in New York and service was only on a Los Angeles partner, not the firm's designated "custodian." The contention is ridiculous. Truly, if a subpoena is served on a nonparty, and requires the personal appearance of a custodian not resident in California, other means must be resorted to secure the documents; but where the documents sought are in the presence

of a party, over whom the trial court has personal jurisdiction, that *party* may be required, by a service on it in California, to produce the documents wherever situated.

(4) Finally, defendant objects to the subpoena on the ground that compliance with it would be "burdensome." That contention is so obviously without merit that no answer to it is necessary.

For the reasons set forth in rubric I the judgment is reversed.

McClosky, J., and Arguelles, J., concurred.

A petition for a rehearing was denied April 17, 1985, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied June 6, 1985.