[No. A040099. First Dist., Div. Four. Nov. 24, 1987.]

FREDERICK WINSTON, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
LEONARD C. GIBBS, Real Party in Interest.

**COUNSEL**

William E. Mussman and Carr & Mussman for Petitioner.

No appearance for Respondent.

George M. Carr, Yale H. Smulyan and Carr, Smulyan & Hartman for Real Party in Interest.

**OPINION**

CHANNELL, J.—In this proceeding for a writ of mandate, petitioner challenges the denial of his motion for relief from his waiver of a jury trial.

On June 13, 1986, petitioner filed a contest to the probate of the will of Guillermo Sarabia, petitioner's brother. Petitioner demanded a jury and trial was set for October 19, 1987. On October 1, petitioner's attorney called the jury department of the superior court to ascertain the amount of fees to be paid. He was told that the time to tender fees had expired six days before. Petitioner's counsel then called opposing counsel who stated that he had been notified the day before that fees had not been posted and that real party would not deposit jury fees.

On October 2, 1987, petitioner filed a motion to restore the case to the jury calendar. In a declaration in support of the motion, petitioner's attorney stated that he had believed that fees were due 14 days before trial. He had confirmed this understanding by consulting Deering's California Civil Practice Code and had been referred in the index to section 631 of the Code of Civil Procedure.[1] He looked up that section which provides that jury fees are to be deposited 14 days prior to the date of trial. He checked the pocket

---

[1] All further statutory references will be to the Code of Civil Procedure unless otherwise designated.

part supplement of the annotated code and saw that there had been no change in that statute. He, therefore, calendared the date on which jury fees must be paid in accordance with section 631.

The trial court ruled that section 631.01, requiring the posting of jury fees 25 days prior to trial, applied and denied the request for relief.

 Counsel's mistake as to the time for depositing jury fees resulted from the existence of two conflicting statutes. Since its enactment in 1872, section 631 has provided for the means by which a jury trial may be waived. Since 1959, it has provided for waiver for failure to deposit jury fees 14 days prior to the date set for trial. In 1980, the Legislature enacted section 631.01 which also provides for the means of waiving a jury. (Stats. 1980, ch. 1216, § 1.) Section 3 of the act provided: "In order to determine the precise effects of this bill, prior to the possible implementation thereof on a statewide basis, this act shall apply only to courts in the County of Santa Clara." Section 4 of the act provided that it would remain in effect only until January 1, 1982. Although the act changed certain aspects of existing law, it also provided for waiver by failure to deposit jury fees 14 days prior to the date set for trial. In 1982, the Legislature extended the application of section 631.01 statewide and extended the time the section would be operative to January 1, 1988.

Section 631.01 was amended in 1986 to provide that advanced jury fees must be deposited 25 days prior to the date set for trial. Since section 631 has not been amended or repealed, there exists an inconsistency in the time requirement for jury fees. We assume as do the parties that the later-enacted provision prevails. (See Gov. Code, § 9605.)

Petitioner contends, however, that respondent court abused its discretion in refusing to grant relief from his inadvertent waiver. Both provisions expressly provide that a court may, in its discretion, allow a trial by jury although there has been a waiver. Discretion in this regard is abused if relief has been denied where there has been no prejudice to the other party or to the court from an inadvertent waiver. (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604]; see also *Boal* v. *Price Waterhouse & Co.* (1985) 165 Cal.App.3d 806, 808-810 [212 Cal.Rptr. 42]; *Simmons* v. *Prudential Ins. Co.* (1981) 123 Cal.App.3d 833, 838-839 [177 Cal.Rptr. 37]; *Bishop* v. *Anderson* (1980) 101 Cal.App.3d 821, 824 [161 Cal.Rptr. 884].)

 It is clear that the failure to post the fees on time was due to inadvertence, nor does real party contend otherwise. Rather, real party argues that petitioner's ignorance of the law is not excusable. That seems a doubtful proposition considering the continued existence of the 14-day pro-

vision in section 631. More importantly, however, the issue is not whether there has been excusable neglect but whether the waiver was inadvertent and there is no dispute in that regard.

Real party argues here, as he did below, that prejudice will occur from the granting of relief. Counsel alleges that when he learned that fees had not been posted he stopped work on a motion *in limine* and did not commence work on jury instructions. Counsel does not explain why he could not have taken up these tasks if relief had been granted. In the unlikely circumstance that counsel could not have been prepared for jury trial, a continuance could have been requested. Counsel also alleges prejudice from the fact that a jury trial would take more trial time than a trial to the court. The prejudice that real party must show is prejudice from the granting of relief from waiver not prejudice from the jury trial. "In short," as the court in *Boal* v. *Price Waterhouse & Co., supra,* 165 Cal.App.3d 806 remarked at page 810, "the claim of prejudice borders on being frivolous and cannot support the denial of the motion."

■ When a trial court has abused its discretion in denying relief from a waiver of jury trial, a writ of mandate prior to the trial is the proper remedy. (*McIntosh* v. *Bowman* (1984) 151 Cal.App.3d 357, 364 [198 Cal.Rptr. 533]; *Byram* v. *Superior Court, supra,* 74 Cal.App.3d at p. 654.) We issue a peremptory writ in the first instance since the matter has been fully briefed and real parties in interest have been advised of this possibility. (See § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue, directing the San Francisco County Superior Court to vacate its order denying petitioner's motion and to restore case No. 243619 to the jury calendar.

Real party's motion to recover expenses necessitated by the stay imposed by this court pending determination of the petition is denied.

Anderson, P. J., and Poché, J., concurred.