Filed 2/7/14  Saccheri v. Chicago Title Co. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| ALAN SACCHERI et al., | C069758 |
| Plaintiffs and Appellants, | (Super. Ct. No. 166298) |
| v. | |
| CHICAGO TITLE COMPANY et al., | |
| Defendants and Respondents. | |

This appeal is from a judgment entered after the trial court granted a motion for judgment in favor of defendants/respondents Chicago Title Company (Chicago Title) and its title and escrow officer Cheryl Peterson (Peterson) against plaintiffs/appellants Alan and Robin Saccheri.  The lawsuit, which included claims of fraud, breach of contract and negligence, was based on the Saccheris' claim that defendants induced them to purchase a home in Redding for more than it was worth and when the Saccheris discovered its true value, they quit making payments and lost title to the home through foreclosure.

1

On appeal, the Saccheris make three contentions of error. One, the trial court abused its discretion in failing to reopen discovery. Two, the trial court erred in refusing to compel attendance of their party opponents at trial. And three, the trial court erred in refusing them relief from their waiver of jury trial. As we explain below, contention one lacks merit because the court was within its discretion to deny the motion to reopen discovery based on the Saccheris' lack of due diligence in propounding discovery. Contention two lacks merit because the Saccheris served only a notice of trial on their party opponents and should have served a subpoena or at least argued their notice of trial was the functional equivalent of a notice to attend if they wanted their opponents to personally appear. Instead, they argued a summons filed after the complaint compelled the defendants to personally appear at trial (which it does not). And contention three lacks merit because the court was within its discretion to deny the Saccheris relief from waiver of jury trial because it was untimely (coming the day of trial) and prejudiced defendants. We will therefore affirm the judgment.

DISCUSSION

I

*The Trial Court Did Not Abuse Its Discretion Refusing To Reopen Discovery*

The Saccheris contend the trial court abused its discretion when it denied their motion to reopen discovery, which the court did based on their lack of due diligence. As we explain, there was no abuse.

Discovery is to be completed "on or before the 30th day . . . before the date initially set for the trial of the action." (Code Civ. Proc.,[1] § 2024.020, subd. (a).) "[D]iscovery is considered completed on the day a response is due or on the day a deposition begins." (§ 2024.010.) The trial court has discretion to reopen discovery.

---

[1]     All further section references are to this code.

2

(§ 2024.050, subds. (a), (b).)  In exercising this discretion, the trial court should consider the necessity and the reasons for the discovery, the diligence or lack of diligence of the party seeking the discovery and the reasons the discovery was not timely completed, the effect of the extension on the trial date or any prejudice to the opposing party, and the length of time between the previous trial date and the new trial date.  (*Ibid.*)  We will reverse an order denying a motion to reopen discovery only for a clear abuse of discretion.  (*Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242, 1246-1248.)

Here, the trial court was well within its discretion to deny the Saccheris' motion to reopen discovery.  The motion, filed March 10, 2011, was premised on the fact Peterson was "presently" a criminal defendant in federal district court for charges related to her work as an escrow agent that were similar to the facts of the present case.[2]  Based on this fact and for the first time in the case, the Saccheris sought to obtain Chicago Title's escrow file for the real estate transaction relating to the purchase of the Saccheris' home.  The complaint in this case was filed in May 2009.  Peterson was indicted on federal charges "on or about May 20, 2010" and by the admission of Saccheris' counsel, counsel was aware of Peterson's indictment "[o]n or shortly after May 20, 2010."[3]  At that time, trial in the current case was scheduled for October 26, 2010.  Before the October 2010 trial date arrived, however, the court (in response to the Saccheris' motion to file a second amended complaint and a subsequent stipulation by the parties) ordered a further postponement of trial to February 15, 2011.  Before the February 2011 trial date arrived, however, the court (in response to the Saccheris' motion) extended the trial date again.

---

**2**      On appeal, the Saccheris note they filed the motion to reopen discovery "out of an abundance of caution" because they were unsure whether discovery had actually closed.

**3**      This admission came in the form of counsel's declaration filed in support of a motion for leave to amend the complaint filed in July 2010.

3

Saccheris' counsel did not serve the form interrogatories and request for production of documents that precipitated the Saccheris' motion to reopen discovery until December 20, 2010, which was seven months after counsel had acknowledged learning that Peterson had been indicted on federal charges based on facts that were similar to the facts of the present case. Moreover, that service was approximately three years after Alan Saccheri learned that Peterson was under investigation by the FBI.

Despite this timeline, the Saccheris contend they were diligent in pursuing their discovery because "the second round of [discovery] commenced soon after they filed the second amendment to their complaint." However, the second amendment did not substantially alter the allegations against Chicago Title or Peterson, adding only negligent misrepresentation as to Peterson and Chicago Title. Furthermore, the second amendment had been provided to the parties in June 2010, which was more than six months before the discovery was propounded. Thus, the court was well within its discretion to deny the motion to reopen discovery based on the Saccheris' lack of diligence in propounding discovery.

II

*The Trial Court Did Not Err In Refusing To Compel*
*Attendance Of The Saccheris' Party Opponents*

The Saccheris contend the trial court erred when it refused to compel attendance of their party opponents at trial. As we will explain, the court did not err because they did not subpoena defendants, they did not argue that their notice of trial was the equivalent of a notice to attend, and their argument that the summons issued when the complaint was filed required defendants' personal appearance at trial was wrong as a matter of law.

A notice of trial to the adverse party is required at least 15 days before trial. (§ 594, subd. (a).) The purpose of this notice is to prevent the possibility of a dismissal "being taken against one who has, by reason of insufficient notice or no notice of the time

4

of trial, been unable to appear." (*Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963.) If a party who has been notified of trial fails to appear at trial, the court "may proceed with the case and take a dismissal of the action, or a verdict, or judgment, as the case may require." (§ 594, subd. (a).) " 'In civil cases personal appearance by a party is not essential; appearance by an attorney is sufficient and equally effective.' " (*Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1008.)

"The process by which the attendance of a witness is required is the subpoena. It is a writ or order directed to a person and requiring the person's attendance at a particular time and place to testify as a witness." (§ 1985.) A substitute for a subpoena when one party wants another to appear at trial is a "notice to attend" under section 1987. (*Amoco Chemical Co. v. Certain Underwriters at Lloyd's of London* (1995) 34 Cal.App.4th 554, 559.) " 'The giving of the notice [to attend] shall have the same effect as service of a subpoena on the witness, and the parties shall have such rights and the court may make such orders . . . as in the case of a subpoena for attendance before the court.' " (*Ibid*.) Thus, once a notice to personally attend trial is served, the obligation to subpoena the party is dispensed and the properly noticed party is compelled to personally attend trial. (§ 1987, subd. (b).) The notice to attend provisions also may be invoked to compel the personal attendance of a principal of a party, i.e., "a person for whose immediate benefit an action or proceeding is prosecuted or defended or of anyone who is an officer, director, or managing agent of any such party or person." (*Ibid*.) The notice to attend must request "the witness" attend trial and must provide the time and place of trial. (*Ibid*.)

Against this statutory backdrop, we explain what happened here. On the first day of trial, Chicago Title brought an in limine motion asking the court to deem the Saccheris' document titled "Notice of Trial" ineffective to require personal attendance of any party or witness. The notice of trial was addressed to Peterson and "Fidelity National Title on behalf of Chicago Title Inc." and stated, "you are hereby notified that you are

5

required to attend [the] jury trial" and if "you do not attend the trial, a default judgment will be entered against you." (Capitalization omitted.) The Saccheris did not file a written opposition, but they orally argued that the notice of trial was sufficient to compel the personal attendance of a party at trial and that it was unnecessary to subpoena Peterson because "[s]he has to appear at trial or her default will be taken." The court then granted Chicago Title's motion stating, "the notice of trial is ineffective to require attendance of a party or a witness in lieu of a subpoena."

On appeal, the Saccheris contend that because defendants had actual notice of the trial date, the court should have compelled their personal attendance. They argue (similar to what they argued in the trial court) that defendants "were under the jurisdiction of the court's writ by way of the summons that has been served upon them at the commencement of the case and their attendance could be compelled." This is not the law. The summons by its terms required defendants only to file a written response to the complaint. It did not compel defendants' personal appearance at trial. A "court may not force a party to be personally present at the trial of a civil action." (*Wisniewski v. Clary* (1975) 46 Cal.App.3d 499, 505.) If the Saccheris wanted to ensure their party opponents appeared at trial, they should have subpoenaed them (§ 1985) or at least as to Peterson, they should have served a section 1987 notice to attend.[4] The court therefore did not err in refusing to compel attendance at trial of the Saccheris' party opponents.

---

[4] The Saccheris have forfeited any argument that the notice of trial they filed here was sufficient under section 1987 to compel at least Peterson's personal attendance. (The notice of trial makes mention only of Peterson and names no other officer of Chicago Title.) In the trial court, they never made such an argument, even when invited to do so, instead sticking to their position that the summons filed by the court after the Saccheris' complaint was sufficient to compel the personal appearance of defendants at trial. On appeal, the Saccheris also fail to raise an argument that their notice of trial was sufficient to compel the personal appearance of at least Peterson under section 1987. This is the case, even though Peterson raised the issue of whether section 1987 applied here in her respondent's brief.

6

## III

*The Court Was Well Within Its Discretion*

*To Refuse The Saccheris Relief From Their Waiver Of Trial By Jury*

The Saccheris contend the trial court erred when it refused to allow them relief from their waiver of jury trial. As we explain, the court was well within its discretion because the request for relief came on the day of trial and granting the request would have prejudiced defendants.

The California Constitution provides for trial by jury, but jury trial "may be waived by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16.) When the complaint was filed and when trial began, the statute provided that a party waived the right to a jury trial either "[b]y failing to announce that a jury is required, at the time the cause is first set for trial" or "[b]y failing to deposit with the clerk, or judge, advance jury fees." (Former § 631, subds. (b), (d)(4), (5).)

Here, the Saccheris did not demand a jury when the case was initially set for trial and did not deposit jury fees in advance of the first date set for trial. The initial date of trial was April 27, 2010. The Saccheris did not demand a jury trial at that point. And, they waited over a year, until August 8, 2011, -- 15 days before the actual trial date -- to deposit the jury fees.

Despite the Saccheris' waiver of a jury trial, the court had discretion to grant relief from the waiver. (*Taylor v. Union P. R. Corp.* (1976) 16 Cal.3d 893, 898.) "A trial court acts properly in denying relief and does not abuse its discretion where any reasonable factors supporting denial can be found." (*March v. Pettis* (1977) 66 Cal.App.3d 473, 480.) One such factor is prejudice ("injury") to the opposing side. (*Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 651.) Prejudice has been shown and thus, no abuse of discretion in refusing relief from the waiver, when the request for relief came five days before trial and granting relief would work a hardship to the

7

opposing side's trial preparation. (*Gann v. Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1704-1705.)

Here, the trial court was well within its discretion to deny the Saccheris relief from their waiver of jury trial because it was untimely and prejudiced defendants. The Saccheris' request for relief (which was oral) came on the day the case was set to go to trial -- August 23, 2011. Because of the lateness of the request, Chicago Title and Peterson detailed the prejudice they would suffer if the case were to go forward as a jury trial. Specifically, they had not seen the Saccheris' jury instructions and they had not prepared their own. They had not prepared for voir dire of a jury. And they were unprepared to "shift" from court trial mode to jury trial mode, which involved "particular intricacies and nuances," such as a different method of preparing witnesses to testify.

DISPOSITION

The judgment is affirmed. Chicago Title and Peterson are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                                   ROBIE          , Acting P. J.


We concur:


        BUTZ          , J.


        HOCH         , J.