[No. G014378. Fourth Dist., Div. Three. Aug. 2, 1993.]

JOYCE M. JOHNSON-STOVALL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
A-M HOMES, INC., et al., Real Parties in Interest.

**COUNSEL**

Groh, Carroll & Stern and David B. Carroll for Petitioner.

No appearance for Respondent.

Lawrence J. Galardi and Ronald D. Steinbach for Real Parties in Interest.

**OPINION**

**SILLS, P. J.**—Once again we address a question which comes before us all too frequently—the right of a litigant to a jury after failing to post fees in a timely manner. We start with an admonition from *Estate of Meeker* (1993) 13 Cal.App.4th 1099, 1106 [16 Cal.Rptr.2d 825]: "[W]e need to remember that all of us are here to serve the public and that this cannot be done when judges are inundated with fast-track statistics and cheerleader attitudes about case disposition numbers which never seem to take into account the rights of the parties."

Here are the facts. The plaintiff sued numerous defendants over a transaction involving the sale of her home. The litigation followed a normal path of pleadings, motions and discovery. In due course and in accordance with the local rules of procedure, a "joint case management statement" was filed. That statement included plaintiff's request for a jury trial which was subsequently set for June 14, 1993.

Under Code of Civil Procedure section 631, subdivision (a)(5), fees must be posted at least 25 days prior to the trial date. They were not. The last day

on which plaintiff should have posted fees was May 20, 1993. The court then mailed a notice of waiver to counsel. The exact date of mailing is not specified in the petition or exhibits, nor in the opposition to the petition, nor in the trial court's response. All agree, however, that plaintiff's counsel received the notice at some point in time between May 25 and June 1, 1993. We note in passing that the Memorial Day holiday was celebrated on Monday, May 31, 1993. On June 8, 1993, plaintiff brought an ex parte application for leave to permit the late posting of jury fees. It was denied and this petition for a writ of mandate followed on June 10, 1993. We stayed the trial scheduled for June 14, "unless the trial judge allows it to proceed with a jury." Instead of proceeding with a jury on June 14, the court continued the trial to April 18, 1994.

There is some dispute about the relevant dates in the opposing declarations. Plaintiff alleges the notice from the court was not received until either Friday, May 28, or Tuesday, June 1, and that on June 3, notice was given to opposing counsel that ex parte relief would be sought on June 4. Because the time of day the trial judge scheduled ex parte applications conflicted with another court appearance of counsel, plaintiff was forced to reschedule the motion for the next available time on the court's calendar—June 8, 1993.

The worst-case scenario is that plaintiff's counsel forgot to post fees on May 20, learned of the error as early as May 21 and advised his opponent on June 3 or 4 that ex parte relief would be sought and had his motion heard on June 8. At worst, there were only 11 working days between the last day to post fees and hearing on the motion for relief. This hardly seems dilatory under any set of circumstances. Perhaps in this day of heavy case loads and fast-track procedures, a referee with a quick whistle is understandable. Nonetheless, constitutional guarantees must continue to be our primary consideration.

The California Constitution, article I, section 16, provides in pertinent part: "Trial by jury is an inviolate right and shall be secured to all . . . . In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." ██ Jury trial is a "basic and fundamental part of our system of jurisprudence." (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604].)

Even after a waiver of the right to trial by jury, a court may in its discretion still allow a case to be heard before a jury. (Code Civ. Proc., § 631, subd. (d).) And, it is well established in cases involving failure to make a request or post fees that there must be prejudice to the party opposing jury trial. In *Wharton* v. *Superior Court* (1991) 231 Cal.App.3d

100, 104 [282 Cal.Rptr. 349], this principle was articulated after review of the applicable decisions: "Where the right to jury is threatened, the crucial focus is whether any prejudice will be suffered by any party or the court if a motion for relief from waiver is granted. [Citations.] A trial court abuses its discretion as a matter of law when '. . . relief has been denied where there has been no prejudice to the other party or to the court from an inadvertent waiver. [Citations.]' "

The mere fact that trial will be by jury is not prejudice per se. Defendants contend they would be prejudiced by having the trial heard before a jury because they would not have time between June 8 (the hearing on the motion for relief) and June 14 (the trial date) to prepare jury instructions and motions *in limine* and to enlarge exhibits into charts for use in front of the jury.

Given the current April 1994 trial date, none of these tasks should now pose any problem. However, our task is to determine if any prejudice was demonstrated at the time the motion was heard.

We assume, perhaps naively, that motions *in limine* are selectively tailored to the unique facts of the case and given the time it takes a court to study them, are of significant importance to the conduct of the trial. They are not, like antiaircraft flak, to be thrown up in vast quantity to harass the enemy. Defendants contend they would be prejudiced in that they would not have time to prepare motions *in limine*, but do not give us a clue as to what motions they are interested in bringing, let alone what problems they would encounter in bringing them in time for trial on June 14. Absent some showing as to the specific motions to be brought and their attendant complexity, we can comfortably say as a matter of law that prejudice was not established. Incantations of "motions *in limine*—motions *in limine*—motions *in limine*" will not do.

The same can be said of exhibits. Absent a showing of the specific problems involved in the preparation of pictorial enlargements or "blow ups" uniquely required for a jury trial, we cannot say as a matter of law that prejudice was shown. It may well be that the sheer number of exhibits could pose some problem in this regard, but the record before us is silent on that subject.

Likewise, we are unimpressed with the contention that defendants would have insufficient time to prepare jury instructions. They had known since January 17, 1992, that plaintiff wanted a jury. We would think that jury instructions bearing on such vital issues as burden of proof (see

BAJI No. 2.60) would have been thought about long before the eve of trial. Most jury instructions are printed on standard forms which every court clerk possesses. Those few which must be crafted to fit the facts of a particular case are such an important part of trial preparation that they should not be left to the last moment. Preparation of jury instructions and verdict forms should commence long before trial. If, indeed, defense trial preparation was so lax that jury instructions had not been prepared by May 20, we are not only unimpressed with defendants' contention concerning insufficient time, but, given their emphasis on the plaintiff's supposed tardiness in moving for relief, their argument amounts to nothing more than the pot calling the kettle black.

We invited and received informal replies from the real parties in interest and the trial court. Further proceedings would add nothing to our review. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing the Orange County Superior Court to vacate its order of June 8, 1993, and June 14, 1993, denying plaintiff's request for jury trial. The action must be tried to a jury if either party so elects.

Crosby, J., and Wallin, J., concurred.